**UNITED STATES of America,**
**Appellee,**

v.

**Gennaro ZANFARDINO et al.,**
**Defendants,**

**Arcadio Boria, Defendant-Appellant.**

**Nos. 710, 716, 774, Dockets 73-2516,**
**73-2624, 73-2856.**

United States Court of Appeals,
Second Circuit.

Argued March 4, 1974.

Decided April 26, 1974.

Gerald A. Feffer, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., Lawrence S. Feld and S. Andrew Schaffer, Asst. U. S. Attys., on the brief), for appellee.

David Breitbart, New York City (Goldberger, Asness, Feldman & Breitbart, New York City, on the brief), for defendant-appellant.

Before LUMBARD, HAYS and OAKES, Circuit Judges.

HAYS, Circuit Judge:

Appellant Boria was convicted after a jury trial of distributing and possessing with intent to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), and conspiracy to commit these acts in violation of 21 U.S.C. § 846. He appeals on the ground that there was insufficient evidence to convict. Specifically, he contends that the government's main witness against him testified that the criminal acts of which Boria was accused took place in October or November of 1971, a period during which Boria was concededly in jail. After the jury verdict of guilty appellant made a motion in the district court pursuant to F.R.Crim.P. Rule 29(c) for a judgment of acquittal on this ground. The district court denied the motion. We affirm.

The main witness against Boria was Dolores Martinez. She testified that beginning in October 1971 she regularly met with John Campopiano in a tavern in the Bronx and in other places and purchased cocaine from him. In January or February of 1972 Campopiano first told her that he also had heroin for sale but that she would have to have "front money"—that is, that she would have to pay for the heroin before receiving it. When she asked if she might

take the heroin on consignment he went to the back of the tavern and consulted Gennaro Zanfardino and returned to tell her she could not.

She further testified that within a few days thereafter she twice arranged for appellant to purchase heroin from Campopiano.

The day after giving this testimony Martinez took the stand and amended her prior testimony by stating that the meeting at which Campopiano had consulted Zanfardino had occurred not in January or February 1972 but in November 1971.

This testimony did not require the jury to find that, since Boria was in jail in November 1971, no sale to him had taken place. Martinez' changed testimony related only by implication to the sales to Boria. At no time did she explicitly direct her attention to the sales to Boria, which involved large quantities of heroin and the exchange of considerable sums of money, on one occasion $25,000, or state that they had occurred in November 1971. It is not surprising that her testimony as to dates of meetings with Campopiano should be somewhat confusing. She testified to at least fifty drug sales and to numerous meetings with Campopiano. When asked how many times she had had meetings with Campopiano during which Campopiano left her to ask questions of Zanfardino and then returned with an answer, she replied, "Several times." The jury could and apparently did find either that Martinez was mistaken about the date of the meeting which preceded the sales to Boria or that she had confused that meeting with a similar meeting in November.

There was other testimony which supports this interpretation. On cross-examination Martinez emphasized that her original purchases had been exclusively

of cocaine and that she had not received heroin from Campopiano until February of 1972. There was also testimony by an Assistant United States Attorney that in an interview before trial Boria admitted that he had lived in the apartment described by Martinez as the place where the sales to Boria occurred.

 It is the province of the jury to "weigh the evidence and draw justifiable inferences of fact." United States v. Taylor, 464 F.2d 240, 243 (2d Cir. 1972). Applying this standard, we find that there was sufficient evidence that the sales to Boria took place in February 1972.[1]

We have considered appellant's other claims and find them to be without merit.

Affirmed.

---

1. The district court's charge to the jury was probably more favorable than appellant deserved. The court charged the jury:

"If you find that Dolores Martinez' testimony concerning the defendant Arcadio

Boria places the time of their dealings in November, 1971, then I charge you you must acquit Boria because he was not in New York City until after December 23, 1971 and that fact is not in dispute."